UNITED STATES DISTRICT COURT
DITRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN ALMQUIST,<br><br>    Plaintiff<br><br>V.<br><br>NEW YORK LIFE INSURANCE COMPANY, LIFE INSURANCE COMPANY OF NORTH AMERICA, and CIGNA GROUP INSURANCE<br><br>    Defendants | CIVIL ACTION NO. 24-10889 |

## FIRST AMENDED COMPLAINT

### INTRODUCTION

1. Plaintiff John Almquist ("Plaintiff") brings this action against New York Life Insurance Company, Life Insurance Company of North America, and Cigna Group Insurance (collectively referred to as "Defendants"), for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Plaintiff is a participant in the Trane Technologies Health and Welfare Benefit Plan ("Plan") an ERISA welfare benefit plan, whose claims administration is handled by Defendants. Defendants also insure the Plan and are responsible for payment of benefits under the Plan.

2. This Complaint challenges Defendants': 1) failure to disclose all relevant documents utilized in its decision to deny Plaintiff's benefits as required by ERISA and the terms of the Plan; 2) failure to provide Plaintiff with a full and fair review of his claim; and 3) failure to provide a reasonable claims procedure that would yield a decision on the merits of Plaintiff's claim.

3. The Plaintiff is filing this action to obtain the documents required to permit him to perfect his appeal of Defendants' erroneous decision to terminate his benefits, to enforce his rights under

1

the plan and under ERISA, to clarify his rights under the terms of the plan, and to recover costs and attorneys' fees as provided by ERISA.

## JURISDICTION

4. This court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan is administered in this district.

## PARTIES

5. Plaintiff resides in Massachusetts. The Plaintiff is a participant in the Plan.

6. The Defendant, New York Life Insurance Company of America ("New York Life"), is a for-profit corporation domiciled in New York. New York Life conducts business in Massachusetts, with its principal Massachusetts office in Waltham, Massachusetts. Effective December 31, 2020, New York Life acquired Life Insurance Company of North America from Cigna Corporation. New York Life employs the individuals involved in the adjudication of the Plaintiff's claim.

7. The defendant, Life Insurance Company of North America ("LINA"), is a for-profit insurance company, with its principal place of business in Philadelphia, Pennsylvania. LINA transacts business in Massachusetts, has offices in Massachusetts, and administers the Plan under which Plaintiff is suing. LINA is the party responsible for processing claims made under the Plan and making a final determination as to Plaintiff's eligibility for benefits.

8. The defendant, Cigna Corporation, is a for-profit insurance company, with its principal place of business in Philadelphia, Pennsylvania. Cigna transacts business in Massachusetts, has offices in Massachusetts, and insures and administers the plan under which Plaintiff is suing.

9. The Plan under which Plaintiff is suing is a welfare benefit plan defined by ERISA, 29 U.S.C.§1002(1).

10. At all times relevant to the claims asserted in this Complaint, Defendants purported to act as ERISA claims fiduciaries with respect to participants of the Plan, generally, and specifically, with respect to Plaintiff, within the meaning of ERISA.

## STATEMENT OF FACTS

**Plaintiff's Claim for Benefits**

11. As a plan participant, Plaintiff is entitled to insurance benefits, under a contract of insurance issued and insured by Defendants. The contract is entitled the "Group Long Term Disability Insurance Certificate."

12. Plaintiff required benefits under the Plan effective April 6, 2021 as provided for under the plan terms.

13. Defendants approved and paid Plaintiff's claim under September 19, 2023, when benefits were terminated on the basis of a medical review conducted by a Nurse Case Manager.

14. Defendants' termination of Plaintiff's benefits occurred shortly after Defendants were repaid Plaintiff's Social Security Disability benefits, for which he was deemed eligible on October 11, 2022.

15. The Social Security Administration found Plaintiff eligible for disability benefits effective April 6, 2021.

16. The Social Security Administration definition of disability, which requires Plaintiff to prove that he is unable to perform the duties of any occupation, is more onerous than the Plan definition of disability, which requires Plaintiff to prove that he is unable to perform the duties material of duties "of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and unable to earn 80% or more of his or her Indexed Earnings.

17. Plaintiff's indexed earnings are $218,750.00 per year or higher.

18. On September 19, 2023, Defendants terminated Plaintiff's claim for benefits

19. On May 29, 2024, following Plaintiff's appeal of Defendants' adverse benefit determination, Defendants reinstated benefits.

20. Four days later, on June 3, 2024, Defendants terminated Plaintiff's benefits again, noting that he was able to perform the duties of a sedentary occupation.

21. Defendants reimbursed Plaintiff one month of benefits before terminating his benefits again.

22. The June 3, 2024 letter did not reference the Plan requirement that in order to be considered disabled, Plaintiff must demonstrate an inability to earn 80% of more of his pre-disability earnings.

23. Plaintiff's appeal of Defendants' September 19, 2023 decision addressed both Defendants' determination that Plaintiff was not disabled from his own or any occupation.

24. Defendants ignored the evidence submitted by Plaintiff supporting his inability to perform the duties of any occupation.

25. Consistent with ERISA's regulatory requirements, the June 3, 2024 letter required Plaintiff to undergo an internal appeals process "prior to pursuing any legal action challenging our claim determination."

26. The letter further noted that: "Please be aware that you are entitled to receive, upon request and free of charge, information relevant to your claim for benefits" ("Claim File").

27. On July 15, 2024, counsel for the Plaintiff, Rosenfeld & Rafik, P.C. ("Plaintiff's Counsel") requested a copy of Plaintiff's Claim File.

28. Defendants did not respond to this letter.

29. On July 29, 2024, Plaintiff's Counsel again requested a copy of the Claim File.

30. Defendants did not respond to this letter.

31. Defendants' response to Plaintiff's request for his Claim File was due on August 14, 2024,

thirty days from Defendants' receipt of Plaintiff's written request.

32. As of the date of the filing of this Complaint, Plaintiff has not received his Claim File as required by ERISA, the terms of the Plan, and Defendants' June 3, 2024 adverse benefit determination.

33. Without this information, Plaintiff is unable to perfect his appeal of the decision to deny his benefits.

34. Defendants' delay in providing Plaintiff with this information has prejudiced his ability to appeal the denial of his claim, unreasonably delaying the appeals process.

35. Defendants have violated their fiduciary duty to act in Plaintiff's best interests in the administration of the Plan.

36. On information and belief, Defendants' refusal to disclose Plaintiff's Claim File upon request is part of a pattern and practice of Defendants' failure to comply with ERISA's disclosure requirements.

**ERISA's Disclosure Requirements**

37. Administrators have an obligation to provide information to plan participants and beneficiaries. This obligation includes a duty to respond to written requests for information about employee benefits and the documents relevant to a claim for benefits. Plan participants and beneficiaries have a cause of action if administrators fail to provide the requested information.

38. Specifically, 29 U.S.C. § 1132(c) provides for penalties for an administrator's refusal to supply required information. Specifically, 29 U.S.C. § 1132(c) indicates:

> (1)   *Any* administrator….[who fails to provide certain information]
>
>> (B) who fails or refuses to comply with a request for any information which such administrator is ***required by this subchapter to furnish*** to ***a participant or beneficiary*** (unless such failure or refusal results from matters reasonably beyond the control of the

5

> administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

39. The penalty is due to be paid by any administrator who fails or refuses to comply with a request for information "which such administrator is required by this subchapter to furnish to a participant or beneficiary."

40. This penalty applies to the failure to provide the documents relevant to the plan: "(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence. 29 U.S.C. §1024(b)(4).

41. In addition to the summary plan descriptions and other documents under which the plan is operated, 29 U.S.C. §1029 provides that the Secretary of Labor may also prescribe what other documents should be furnished:

> (c) Format and content of summary plan description, annual report, etc., required to be furnished to plan participants and beneficiaries. The Secretary may prescribe the format and content of the summary plan description, the summary of the annual report described in section 1024(b)(3) of this title and ***any other report, statements or documents*** (other than the bargaining agreement, trust agreement, contract, or other instrument under which the plan is established or operated), ***which are required to be furnished or made available to plan participants and beneficiaries receiving benefits under the plan.***

6

[emphasis added]

42. Pursuant to §109(c) and 502(c) together, the Secretary is given authority to establish the format and content of what documents are required to be produced "by this subchapter." Therefore, "Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to . . .may in the court's discretion be personally liable" for a § 502(c) penalty.

43. Also, the Secretary has general authority under "this subchapter" to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions of this title. 29 U.S.C. § 1135.

44. The Secretary of Labor's ERISA claim procedures regulations, set out in 29 C.F.R. § 2560.503-1(h)(2)(iii) describe the documents an administrator must disclose upon written request.

45. The regulations state that, to provide a full and fair review, a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

46. Whether a document, record, or other information is relevant to a claim for benefits is determined by reference to 29 C.F.R. § 2560.503-1 (m)(8).

47. The Secretary explained at 29 C.F.R. § 2560.503-1 (m)(8) that the following documents are relevant to the claim, and are thus required to be produced under ERISA:

> (8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
>
> (i) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

48. Defendants had an obligation to provide all the documents relevant to a claim that are required to be provided by the Department of Labor's ERISA claims regulations.

49. Defendants, as the claims administrator, were in possession of all the documents requested by Plaintiff. Moreover, Defendants were the only entities with any obligation to provide the documents who were also in possession of the documents requested.

50. To date, Defendants have failed to respond completely to Plaintiff's request for these documents.

51. The Defendants' failure to respond to Plaintiff's requests have prohibited Plaintiff from properly determining his rights under the Plan and from exhausting his administrative remedies under ERISA.

52. The Plan incorporates ERISA's disclosure requirements, ensuring access to the Claim File as requested.

### FIRST CAUSE OF ACTION

### (PENALTY AGAINST DEFENDANTS AS THE ADMINISTRATORS OF THE PLAN FOR FAILURE TO PROVIDE DOCUMENTS)

53. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

54. Under ERISA 29 U.S. Code § 1132 (a), "a civil action may be brought (1) by a participant or beneficiary (A) for relief provided for in subsection (c) of this section."

55. Plaintiff as a Plan participant has a right to enforce this obligation and seek redress of an administrator's violation.

56. Subsection (c) of 29 U.S.C. § 1132 notes that any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary," shall be "in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper."

57. 29 U.S.C. § 1132(c), the terms of the Plan, and Defendants own interpretation of ERISA's requirements and the pPan terms as articulated in its adverse determination letter requires Defendants to disclose Plaintiff's Claim File to him within 30 days of a written request for information.

58. 52 days have passed since Defendants were required to disclose Plaintiff's Claim File.

59. At $110 per day, Defendants should be penalized $5,720 for their failure to disclose Plaintiff's Claim File pursuant to his written request.

60. Defendants' actions in failing to provide Plaintiff with a copy of the documents relevant to Defendants' adverse benefit decision and the Claim File constitutes a violation of ERISA.

61. Plaintiff has been harmed by Defendants' failure to provide such documents. His ability to pursue his appeal of Defendants' adverse benefit decision has been negatively impacted by Defendants' failure to disclose a copy of Plaintiff's Claim File.

62. Defendants' disregard for ERISA's requirement that they disclose a copy of his Claim File in response to a denial of insurance benefits mandates the application of the maximum penalty for the withholding of documents pursuant to ERISA.

**SECOND CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**
**(ALL DEFENDANTS)**

63. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

64. Defendants failed to provide Plaintiff with the information required by ERISA to pursue their unsupported adverse benefit decision.

65. As a direct, proximate, and foreseeable result of the Defendants' misconduct, Plaintiff has been injured and is entitled to equitable and other relief.

66. Plaintiff is entitled under 29 U.S.C. § 1132 to an order requiring the Defendants to provide him with the requested Claim File.

67. Plaintiff's pursuit of this matter benefits all members of the Plan, particularly those individuals unaware of ERISA's disclosure requirements, the timeframes for those disclosures, and how to effectively appeal an adverse benefit decision.

**THIRD CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

68. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

69. Under the standards applicable to ERISA, Plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. §1132(g).

70. The Defendants have the ability to satisfy the award.

71. Plaintiff's conduct of this action is in the interests of all Plan participants who subscribe to the plan, particularly those whose benefits have been denied, and the relief granted hereunder will benefit all such participants.

72. The Defendants acted in bad faith in denying Plaintiff's request for documents to which he is entitled under the plan despite their promises to provide such information and the requirement to make such information available to plan participants.

73. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances and will deter Defendants from their pattern and practice of refusing to disclose documents relevant to appeals upon request as required by ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)  Declare, adjudge and decree that Defendants are required to disclose Plaintiff's Claim File to Plaintiff, without any redaction or withholding of documents.

(2)  Declare, adjudge and decree that the Defendants are required to pay Plaintiff the full amount of the statutory penalty under 29 U.S.C. § 1132(c)(1) as of the date the documents are disclosed to Plaintiff.

(3)  Order that the Defendants make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4)  Award Plaintiff the costs of this action and reasonable attorneys' fees; and

(5)  Award such other relief as the court deems just and reasonable.

Dated: September 5, 2024              Respectfully submitted for the Plaintiff,

By:   /s/ Mala M. Rafik
      Mala M. Rafik
      BBO No. 638075
      ROSENFELD & RAFIK, P.C.
      184 High Street, Suite 503
      Boston, MA 02110
      T: 617-723-7470
      F: 617-227-2843
      E: mmr@rosenfeld.com